UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MELENEY ELEY,

                Plaintiff,

   -against-

CITY OF NEW YORK, and
RONALD REYNOLDS

             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

      Plaintiff Meleney Eley, by her attorneys, Lumer & Neville, as and for her Complaint, hereby allege as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

      1.    At all times hereinafter mentioned, plaintiff Meleney Eley, an adult female, was a resident of Kings County, within the State of New York.

      2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

      3.    At all times hereinafter mentioned, defendant Ronald Reynolds, whose shield number is 5746, was a member of the NYPD and employed, retained, trained, and supervised by New York City. Reynolds is sued herein in his official and individual capacities.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

5. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where plaintiff and defendant City of New York reside, and where the majority of actions complained of herein occurred.

6. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under law.

7. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

8. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

9. At all relevant times herein, plaintiff resided in an apartment inside 542 Williams Avenue, in Kings County, New York (the "premises").

10. On January 22, 2013, at or between 5:30 and 6:00 p.m., plaintiff was lawfully present inside the premises when various members of the NYPD, including defendant Reynolds, knocked on the door. A guest of the plaintiff opened the door and the defendant and his fellow officers rushed into the premises.

11. Defendant Reynolds and his fellow officers were each assigned to and working for the NYPD's Narcotics Bureau Brooklyn North ("NBBN") unit.

12. The defendants were not invited into the premises nor was their entry consented to by any of the plaintiffs, or any other individual authorized to so consent.

13. There were no exigent circumstances present that would permit defendants to enter the premises absent a warrant or invitation.

14. The defendants did not display a warrant to justify their entry into the premises and refused to produce one after the plaintiffs asked.

15. Plaintiff, and two guests, were seized and handcuffed, and then detained for a period of time in the premises.

16. While plaintiff was present in the premises but in defendants' custody, her brother entered the apartment. He too was arrested.

17. Plaintiff was ultimately transported to a local area NYPD station house and then, after a period of many hours, taken to Kings County Central Booking.

18. While plaintiff was in defendants' custody, defendant Reynolds completed arrest paperwork in which he alleged that he personally witnessed plaintiff and her guests sitting together in the premises and that about one eighth of an ounce of cocaine was on a coffee table in plain view in front of plaintiff and her guests.

19. These allegations were false and Reynolds knew them to be false at the time they were made.

20. Reynolds forwarded these false allegations to the Kings County District Attorney ("KCDA") or the New York City Criminal Court ("NYCCC") in order to justify the arrest and to persuade the KCDA or NYCCC to commence and/or continue the

plaintiff's criminal prosecution.

21. Reynolds knew and understood that the KCDA and the NYCCC, in evaluating whether to commence a criminal prosecution against the plaintiff, were relying on the truthfulness of his claims and statements, and assuming that all of these factual statements and claims Reynolds was relaying were truthful in all material respects.

22. Reynolds further knew and understood that he was obligated to provide any and all exculpatory information to the KCDA and the NYCCC and that he was expected to turn over to or otherwise provide the KCDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

23. The plaintiff appeared in Court on or about January 23, 2013, and was finally released on her own recognizance. She was then required to appear in Court on several more occasions. Finally, on July 26, 2013, the Court dismissed all of the charges against plaintiff and the criminal prosecution was terminated in her favor.

24. At no time did defendants have probable cause to seize, detain or arrest plaintiff, nor was it reasonable for the defendants to believe that such cause existed.

25. Despite the absence of probable cause and lack of evidence of criminal conduct by the plaintiff, the defendants proceeded with her arrest, and did so to increase the arrest statistics for their unit, and justify the search warrant application and execution.

26. At no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

27. The defendants' actions in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

28. More precisely, under this policy or plan, officers within the Narcotics Division would secure warrants to search apartments, social clubs, and other locations, and, if any contraband was found, routinely arrest all persons found therein, regardless of whether there was any factual basis for the charges. The arresting officer(s) would then make false statements of fact as to seeing narcotics in plain view or otherwise in the possession of each of the persons arrested.

29. The purpose of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

30. In addition, members of the Narcotics Division are evaluated, at least in part, on the basis of their "activity" which is measured by the number of arrests made, search warrants secured, and other, similar criteria. Thus, members of the Narcotics Division routinely make arrests and engage in other police activity without sufficient legal cause in order to raise their levels of "activity" and improve the perception of their job performance.

31. The policy or plan was kept in effect from, at least, 2006 through, at least, the date of plaintiff's arrest, despite the municipal defendant's knowledge that the individuals arrested were not being charged or that there was insufficient evidence to justify the arrests or that the arresting officers were seeking to bolster the arrests with false

allegations, and that the prosecuting offices often had found insufficient cause to justify the imposition of charges or continued prosecution if charges were filed.

32. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION

33. Plaintiffs repeat the allegations contained in paragraphs "1" through "32" above as though stated fully herein.

34. Defendant Reynolds willfully and intentionally seized, searched, detained and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

35. Defendant Reynolds fabricated evidence by lying about the circumstances surrounding the arrest of plaintiff and alleged recovery of narcotics, and transmitted that fabricated evidence to the KCDA immediately following plaintiff's arrest, causing her to be deprived of her liberty.

36. By so doing, the individual defendant caused plaintiff to be subjected to false arrest and imprisonment, unlawful searches of her person and property, malicious prosecution, and denial of a fair trial through the fabrication of evidence, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

37. By reason thereof, the individual defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION

38. Plaintiffs repeat the allegations contained in paragraphs "1" through "37" above as though stated fully herein.

39. In October 2011, following a bench trial in New York State Supreme Court, Kings County, under indictment number 06314-2008, former NYPD narcotics officer Jason Arbeeny was convicted of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the trial judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

40. Notwithstanding its awareness of the Narcotic Division's pattern of making unlawful arrests and then falsifying their records and testimony to justify and cover up this conduct, the NYPD made no effort to curb, limit, or otherwise prevent this misconduct from continuing.

41. Thus, the City of New York created, approved or condoned the

7

practice and policy, as carried out by the Narcotics Bureau, of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

42. This policy has caused the constitutional violation of individual persons generally, and this plaintiff in particular.

43. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## THIRD CAUSE OF ACTION

44. Plaintiff repeats the allegations contained in paragraphs "1" through "43" above as though stated fully herein.

45. Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, seized and searched, falsely arrested and imprisoned, subjected to malicious prosecution, and denied her due process right to a fair trial and to be free from fabricated evidence.

46. Defendant City of New York is therefore liable to plaintiff for the unlawful search, seizure, arrest, imprisonment, malicious prosecution, and fabrication of evidence of and against plaintiff under the doctrine of respondeat superior.

47. By reason thereof, the municipal defendant has caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of her liberty.

8

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action, actual damages in an amount to be determined at trial;

    iii.    on the third cause of action, actual damages in an amount to be determined at trial;

    iv.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    v.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
         April 21, 2014

                        LUMER & NEVILLE
                        Attorneys for Plaintiffs
                        225 Broadway, Suite 2700
                        New York, New York 10007
                        (212) 566-5060

By: /s/ Michael B. Lumer
      Michael B. Lumer (ML-1947)